# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DENISH BHAVSAR and SAMHITA GERA, derivatively on behalf of LUMINAR TECHNOLOGIES, INC., )
)
)
)

Plaintiff, )
) Case No. 6:23-cv-02037
v. )
)

MIKE MCAULIFFE, ALEC E. GORES, JUN HONG HENG, MARY LOU JEPSEN, SHAUN MAGUIRE, KATHARINE A. MARTIN, AUSTIN RUSSELL, MATTHEW J. SIMONCINI, and DANIEL D. TEMPESTA, )
)
)
)
)
)
)
)

Defendants, )
)
and )
)

LUMINAR TECHNOLOGIES, INC., )
)
Nominal )
Defendant. )

## UNOPPOSED MOTION TO STAY CASE PENDING RESOLUTION OF MOTIONS TO DISMISS RELATED SECURITIES CLASS ACTION

Plaintiffs Denish Bhavsar and Samhita Gera ("Plaintiffs"), Nominal

Defendant Luminar Technologies, Inc. ("Luminar"), and Defendants Mike

McAuliffe, Alec E. Gores, Jun Hong Heng, Mary Lou Jepsen, Shaun Maguire,

Katharine A. Martin, Austin Russell, and Daniel D. Tempesta (the "Moving Individual Defendants," and together with Luminar, the "Defendants;" Defendants together with Plaintiff are the "Moving Parties") file this Unopposed Motion to Stay and in support state as follows:

## I.   Introduction

WHEREAS, on October 21, 2023, Plaintiffs filed this putative shareholder derivative action lawsuit ("Action") on behalf of Luminar asserting claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, corporate waste, and violations of Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act") against the Moving Individual Defendants and Matthew J. Simoncini (the "Individual Defendants," and together with Luminar, the "Defendants;" Defendants together with Plaintiffs are the "Parties");

WHEREAS, on May 26, 2022, a related putative securities class action lawsuit captioned *Johnson v. Luminar Technologies, Inc. et al.*, Case No. 6:23-cv-00982-PGB-LHP (M.D. Fla.) ("Related Securities Class Action") was filed in the United States District Court for the Middle District of Florida against Luminar and one of the Individual Defendants, alleging violations of the federal securities laws under Section 10(b) of the Exchange Act based on substantially the same facts and circumstances at issues in this Action;

WHEREAS, on October 30, 2023, the lead plaintiff in the Related Securities

Class Action filed an amended complaint captioned *Alms v. Luminar Technologies,*

*Inc. et al.* (the "Amended Complaint");

WHEREAS, the defendants in the Related Securities Class Action filed a

motion to dismiss the Amended Complaint on December 29, 2023, pursuant to Fed.

R. Civ. P. 12(b)(6) and the Private Securities Litigation Reform Act of 1995;

WHEREAS, the outcome of the motion to dismiss the Amended Complaint

will be informative to the litigation of this Action;

WHEREAS, the Moving Parties agree that a stay of this Action pending

resolution of the motion to dismiss filed in the Related Securities Class Action is

appropriate in that it will avoid inefficiencies and duplicative efforts, will better

preserve the resources of the Court and the Parties, and will more closely align the

proceedings in this Action with the proceedings in the Related Securities Class

Action;

WHEREAS, all Defendants other than Matthew J. Simoncini accept service

of the complaint in this Action;

## II.   **Legal Standard**

Courts have broad discretion to stay proceedings. *See Clinton v. Jones*, 520

U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th

Cir. 2002). District courts have "inherent power not governed by rule or statute but

by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 F. App'x. 840, 841 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). "A decision to stay is left to the discretion of the district court, and the party seeking the stay has the burden of demonstrating why a stay should issue." *Arkin v. Smith Med. Partners, LLC*, No. 8:19-CV-1723-T-36AEP, 2020 WL 1666158, at *2 (M.D. Fla. Apr. 3, 2020).

III.   **Agreement of the Moving Parties/Argument**

1.     The Moving Parties agree that a temporary stay of this Action pending resolution of the motion to dismiss filed in the Related Securities Class Action is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the Parties, and will more closely align the proceedings in this Action with the proceedings in the Related Securities Class Action.

2.     The proceedings in this Action shall be temporarily stayed pending the ruling on the motion to dismiss filed in the Related Securities Class Action; the stay shall remain in effect until thirty (30) days following the filing of an order resolving the motion to dismiss, and, provided that no defendants have filed answers in the Related Securities Class Action, any subsequently filed motions to dismiss.

Defendants shall not be required to move, or otherwise respond, to the complaint in the Action during the pendency of the stay.

3.      Any Party may cause the stay to be lifted upon thirty (30) days' written notice. No more than thirty (30) days after termination of this stay, the Moving Parties shall meet and confer and submit a proposed schedule for further proceedings in the Action.

4.      Notwithstanding the agreed-upon stay of the Action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

5.      Defendants shall promptly notify Plaintiff of any derivative actions filed in any forum involving Luminar regarding substantially similar or the same allegations as those made in the Action ("Related Derivative Action").

6.      In the event that a mediation or court-ordered settlement conference is held in an effort to settle the Related Securities Class Action, counsel for Defendants shall provide counsel in this Action with reasonable advance notice of said mediation and shall make a good faith effort to include Plaintiff in such mediation (subject to permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers).  In the event that Plaintiff is not permitted to attend such mediation and/or settlement conference, Defendants will mediate

separately with Plaintiff within thirty (30) days of the mediation of the Related Securities Class Action. Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiff in any such mediation.

7.     In the event that any discovery is provided by any defendant in any Related Derivative Action, or any documents are produced by Luminar in response to any shareholder books and records request, Defendants shall contemporaneously provide copies of that discovery or books and records production, as appropriate, to undersigned counsel for Plaintiffs, conditioned on the agreement by Plaintiffs and their counsel to the terms of a confidentiality agreement and/or protective order, agreeable to all Moving Parties, that permits Plaintiffs to use that discovery or books and records production in this Action.

WHEREFORE, the Moving Parties respectfully request the Court enter an order temporarily staying this Action pending the ruling on the motion to dismiss filed in the Related Securities Class Action and with the stay to remain in effect until thirty (30) days following the filing of an order resolving the motion to dismiss, and, provided that no defendants have filed answers in the Related Securities Class Action,  any subsequently filed motions to dismiss.

Of Counsel:

James N. Kramer, Esq.
Alexander K. Talarides, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2625
(415) 773-5700
Email: jkramer@orrick.com
Email: atalarides@orrick.com

Of Counsel:

Timothy Brown
THE BROWN LAW FIRM, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

-and-

Peretz Bronstein
Eitan Kimelman
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: eperetz@bgandg.com
Email: eitank@bgandg.com

*/s/ John M. Brennan Jr.*
JOHN M. BRENNAN, JR.
Florida Bar No. 0098456
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
Telephone: 407-843-8880
Fax: 407-244-5690
john.brennan@gray-robinson.com

Attorneys for Defendants, Luminar
Technologies, Inc., Mike McAuliffe,
Alec E. Gores, Jun Hong Heng, Mary
Lou Jepsen, Shaun Maguire,
Katharine A. Martin, Austin Russell,
Matthew J. Simoncini, and Daniel D.
Tempesta

*/s/ Jose D. Sosa*
Jose D. Sosa (#150878)
LAW OFFICE OF JOSE D. SOSA, P.C.
1141 Via Jardin
Palm Beach Gardens, FL 33418
Telephone: (561) 670-8237
Email: pepe@pepesosalaw.com
Email: sosalaw@yahoo.com

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

In compliance with Rule 3.01(g) of the Local Rules of United States District Court, Middle District of Florida, counsel for Plaintiff certifies that (1) that they have conferred with Moving Defendants' counsel in a good faith effort to resolve the issues raised by this motion, and (2) the Moving Parties agree to the relief requested in the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Jose D. Sosa*